UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENIS FERNANDEZ-GUERRA,

          Petitioner,

    v.

I.C.E.,

          Respondents,

Case No. 2:26-cv-722-KCD-DNF

_____/

## ORDER

Petitioner Denis Fernandez-Guerra has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his continued imprisonment violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents oppose the petition. (Doc. 11.) For the reasons below, the petition is **GRANTED IN PART**.

### I. Background

Fernandez-Guerra is a citizen of Cuba. He illegally entered the United States several decades ago. (Doc. 11 at 2.) Following numerous criminal convictions, an immigration judge ordered his removal. (*Id.*) Apparently because the Government could not effectuate his deportation at that time, he was released on an order of supervision—a kind of conditional liberty,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

allowing him to remain at home so long as he followed the conditions of release. (*Id.*) But on September 16, 2025, ICE revoked that supervision and put him back behind bars. He has remained there ever since. (*Id.* at 2-3.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

2

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Fernandez-Guerra satisfies the initial temporal requirement. ICE took him into custody nearly seven months ago. Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Fernandez-Guerra has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. He does

3

so by pointing to a stubborn diplomatic reality: he is a citizen of Cuba, and Cuba is currently embroiled in political conflict with the United States. He also notes that ICE tried to repatriate him to Mexico, which the Government confirms refused his entry. (Doc. 11 at 4.) These facts are enough.

The burden thus shifts to the Government to rebut Fernandez-Guerra's showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic agreements, and no concrete evidence that Fernandez-Guerra will be removed in the near future. (Doc. 11 at 6-7.) Instead, the Government simply claims that it is again attempting to send him somewhere. (Doc. 11-10.) But nothing suggests that the previous medical impediments have been removed. Nor does Government's evidence even identify the country of removal. Because the Government offers nothing to suggest removal to Mexico, or anywhere else, is more likely now than it was months ago, Fernandez-Guerra must be released.

It is easy to see why this outcome might cause unease. By all accounts, Fernandez-Guerra is a career criminal. Yet, because the Government is completely unable to effectuate his removal, he has been allowed to live in this country for nearly two decades without facing the ultimate immigration consequence. But this Court is bound by the law. And the law is clear: the Government cannot lock individuals in a cell indefinitely as a workaround for

a stalled deportation process, nor can it use indefinite detention simply to placate popular opinion. *Zadvydas*, 533 U.S. at 659. The Constitution cannot be ignored just because the facts are frustrating. If there is a flaw in a system that leaves convicted criminals in a state of perpetual immigration limbo, the remedy lies in the halls of Congress or with the Executive branch—not with a federal judge.

### IV. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Fernandez-Guerra will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his Order of Supervision. To the extent Fernandez-Guerra's pro se petition raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents shall **RELEASE** Fernandez-Guerra within 24 hours of this Order.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ENTERED** in Fort Myers, Florida on April 6, 2026.

Kyle C. Dudek
United States District Judge